```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MERL DANIELS,                       :
                                    :
                Plaintiff,          :   02 Civ. 6054 (MBM)
                                    :
    -against-                       :   OPINION & ORDER
                                    :
                                    :
HEALTH INSURANCE PLAN OF            :
GREATER NEW YORK; DIANE MCGUIRE;    :
YOLANDA JIMENEZ; ARTISTINE          :
TERRRELL; AIDA PAGAN; LOCAL 153;    :
THE OFFICE AND PROFESSIONAL         :
EMPLOYEES INTERNATIONAL UNION       :
AFL-CIO,                            :
                                    :
                Defendants.         :
-----------------------------------X
```

APPEARANCES:

ANDREW J. SCHATKIN, ESQ.
(Attorney for plaintiff)
Law Offices of Andrew J. Schatkin
350 Jericho Turnpike
Jericho, NY 11753
(516) 465-7068

HOWARD S. LAVIN, ESQ.
SEEMA A. MISRA, ESQ.
DINA KOLKER, ESQ.
(Attorneys for defendants HIP,
Diane McGuire, Yolanda Jimenez,
and Artistine Terrell)
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
(212) 806-6006

MICHAEL B. MUKASEY, U.S.D.J.

Plaintiff Merl Daniels sues her former employer Health Insurance Plan of Greater New York (HIP), three HIP employees, Local 153, Local 153 representative Aida Pagan, and the Office and Professional Employees International Union AFL-CIO (AFL-CIO). Daniels alleges that HIP discriminated against her on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e - § 2000e-17 (2000) and failed to accommodate her disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Daniels alleges also that all defendants intentionally inflicted mental distress, anguish, and suffering upon her, and deprived her of basic civil rights in violation of 42 U.S.C. § 1983. Finally, plaintiff alleges that defendants Local 153, AFL-CIO, and Pagan failed to "act out of good faith" and did not effectively represent her interests.

Defendants HIP, McGuire, Jimenez, and Terrell (collectively the "HIP Defendants") move to dismiss the § 1983 and intentional infliction of emotional distress claims against them. Additionally, individual HIP defendants McGuire, Jimenez, and Terrell move to dismiss any Title VII or ADA claims that may have been alleged against them. Because no relief on these claims is possible under any set of facts consistent with plaintiff's allegations, Hishon v. King & Spalding, 467 U.S. 69,

1

73 (1984), the motion to dismiss is granted.

I.

The following facts are drawn from the amended complaint. Plaintiff Daniels worked as a secretary for HIP from September 1990 until April 2002. (Am. Compl. ¶ 13) Her responsibilities included typing, filing, and answering telephones. (Id.) During her time at HIP, plaintiff claims she was "subject to constant, ongoing, and continuous harassment based on her Race; National Origin and Disability by HIP, and through its managerial employees . . . ." (Id.) As evidence of this harassment, plaintiff recounts a laundry list of complaints about various aspects of the HIP working environment. For example, when she began her employment, Daniels received "no training but was given only a company manual to read and so had to do a great amount of research work concerning company procedures." (Id. ¶ 13) Most of the examples plaintiff provides of the alleged "harassment" are described in a rambling fashion that borders on the unintelligible,[1] but the gravamen of her complaint is that she often was overloaded with work (id. ¶¶ 14, 20), and that on numerous occasions she was treated rudely and

---

[1] Indeed, the amended complaint is so deficient that I considered dismissing all of plaintiff's claims mea sponte. However, our Circuit disfavors such dismissals in the absence of notice or a hearing, see Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988).

unfairly by her coworkers and supervisors (id. ¶¶ 15, 17-20, 23).

Plaintiff claims also that HIP failed to promote her during her nearly 12 years there, and that instead "her Hispanic peers were more favorably treated and promoted." (Id. ¶ 22) The amended complaint specifies neither plaintiff's race nor her national origin. However plaintiff does detail an incident that took place in the HIP office ladies' room, where two of her co-workers referred to plaintiff as a "nigger", unaware that she was in one of the stalls and overheard their conversation. (Id. ¶ 16). This anecdote is the only reference in the amended complaint to racially offensive conduct at plaintiff's workplace.

Plaintiff claims also that during her tenure at HIP she suffered from numerous medical problems, including temporary loss of mobility in each of her legs, a herniated disc, a lower back problem, and carpal tunnel syndrome. (Id. ¶ 24) She alleges that she was given extra work to do despite her medical problems (id. ¶ 18-20), and that HIP "failed to accommodate" her alleged disability (id. ¶ 24).

Plaintiff was fired in or about April 2002. Although she alleges that defendants violated her civil rights when they dismissed her (id. ¶ 1), the amended complaint does not describe the circumstances of her firing.

II.

A. Title VII and ADA Claims Against Individual HIP Defendants

The HIP Defendants move to dismiss any claims plaintiff has alleged under Title VII and the ADA against individual HIP defendants McGuire, Jimenez, and Terrell. The parties dispute whether any such claims were actually made -- plaintiff states that she is not suing the individual HIP defendants under Title VII or the ADA (Pl. Br. at 4, 5, 8), and defendant argues that plaintiff's amended complaint, "although inartful in its pleading," (Def. Br. at 7), in fact does seek such relief. The dispute over whether plaintiff has alleged these claims likely stems from typographical errors in the amended complaint, which states that plaintiff's ADA claim is alleged against "All Defendant HIP," [sic.] and that her Title VII claim is based on the conduct of "Defendants HIP, acting by and through said individually named defendants' actions . . . ." (Am. Compl. at 14)

Even though plaintiff admits freely that her Title VII and ADA claims are alleged only against HIP and not against any of the individual HIP defendants (Pl. Br. at 4, 5, 8), inexplicably the parties spend pages debating the irrelevant question of whether such claims may be alleged. Moreover, even if plaintiff had alleged Title VII or ADA claims against the individual HIP defendants, plaintiff acknowledges (Pl. Br. at 6),

4

that our Circuit has already spoken on this issue. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); see also King v. Town of Walkill, 302 F. Supp. 2d 279, 295 (S.D.N.Y. 2004) ("It is well settled that an individual may not be held personally liable under the ADA.").[2]

Plaintiff denies alleging any claim under Title VII or the ADA against the individual HIP defendants (Pl. Br. at 4, 5, 8). Any such claims that may have existed in the amended complaint now are dismissed.

B. Intentional Infliction of Emotional Distress

Plaintiff alleges that all of the HIP defendants, "acting within the generally accepted practices and policies of HIP" knowingly caused her "severe mental distress, anguish, and suffering," and that she suffered damage thereby. (Am. Compl. ¶¶ 32-34) Under New York law, to state a claim for intentional infliction of emotional distress, a plaintiff must prove: "1) extreme and outrageous conduct; 2) intent to cause, or reckless disregard of substantial probability of causing severe emotional

---

[2] I am unpersuaded by plaintiff's suggestion (Pl. Br. at 6) that I decline to follow Second Circuit precedent on this issue and instead adopt the interpretation set forth in Judge Parker's Tomka dissent, 66 F.3d at 1318-24.

5

distress; 3) a causal connection between the conduct and the injury; and 4) severe emotional distress." Ifill v. UPS, No. 04 Civ. 5963, 2005 U.S. Dist. LEXIS 5230, at *17 (Mar. 29, 2005) (citing Howell v. New York Post Co., 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353 (1993)). Because this tort is "as limitless as the human capacity for cruelty," Howell, 81 N.Y.2d at 122, 596 N.Y.S.2d at 353, its requirements are "rigorous, and difficult to satisfy," id. (quoting Prosser & Keeton, Torts § 12, at 60-61 (5th ed.)). Such a claim is viable only where the conduct alleged is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236 (1983) (quoting Restatement (Second) of Torts § 46.1, comment d).

New York courts regularly deny intentional infliction of emotional distress claims in employment discrimination cases. See, e.g., Benjamin v. N.Y. City Dep't of Health, No. 99 Civ. 12345, 2002 U.S. Dist. LEXIS 5446, at *28-29 (S.D.N.Y. Mar. 29, 2002) (denying plaintiff's intentional infliction of emotional distress claim, which was based on allegations of "disparate treatment, humiliation, and insults" at the workplace); Lydeatte v. Bronx Overall Econ. Dev. Corp., 00 Civ. 5433, 2001 U.S. Dist. LEXIS 1670, at *4-*7 (S.D.N.Y. Feb. 22, 2001) (plaintiff claimed

she had been harassed, denied benefits received by her Hispanic coworkers, wrongfully terminated, and retaliated against by her employer; the court held that while plaintiff might have an employment discrimination claim, the conduct alleged was insufficient to state a claim for intentional infliction of emotional distress). "In the rare instances where the New York courts have found the complaint sufficient to state a claim for intentional infliction of emotional distress in the employment context, the claims have been accompanied by allegations of sex discrimination, and more significantly, battery." Gerzog v. London Fog Corp., 907 F. Supp. 590, 604 (E.D.N.Y. 1995) (citing cases); see also Ifill, 2005 U.S. Dist. LEXIS 5230, at *18-*19 (noting that sexual harassment and battery claims "often" satisfy the "extreme and outrageous" requirement); Benjamin, 2002 U.S. Dist. LEXIS 5446, at *28-29.

Plaintiff here has not established the extreme and outrageous conduct necessary to justify her intentional infliction of emotional distress claim. She does not allege battery, sexual harassment, or sex discrimination, she alleges only that HIP employees treated her rudely and unfairly and gave her extra work to do, that her "disability" was not accommodated, and that HIP refused to promote and fired her for discriminatory reasons. Plaintiff does not cite any case in which a workplace intentional infliction of emotional distress claim was sustained

absent a claim of sex discrimination, battery, or sexual harassment. Plaintiff does not even argue that her specific situation merits a departure from governing New York law; instead, she declares: "The specifics of the Complaint need not be recited, but suffice to say a campaign of harassment that resulted in great mental stress, that was ongoing in character, is stated." (Pl. Br. at 9) Such perfunctorily alleged harassment does not meet the strict standard for intentional infliction of emotional distress required by New York courts. See Mariani v. Consol. Edison Co., 982 F. Supp. 267, 275 (S.D.N.Y. 1997) ("New York courts are exceedingly wary of claims for intentional infliction of emotional distress in the employment context because of their reluctance to allow plaintiffs to avoid the consequences of the employment-at-will doctrine by bringing a wrongful discharge claim under a different name."). Plaintiff's intentional infliction of emotional distress claim against the HIP defendants is dismissed.

C. Section 1983 Claims

Finally, the HIP defendants move to dismiss plaintiff's § 1983 claim,[3] arguing that neither HIP nor the individual

---

[3] Plaintiff notes that she is alleging a § 1983 claim against defendants at the beginning of her amended complaint, but does not so state when alleging her "fourth claim for relief," which appears to be based on § 1983. (Am. Compl. ¶¶ 2, 35-40) Viewing the pleadings in the light most favorable to the

defendants acted under color of state law.  Plaintiff counters that her complaint has met the standards for notice pleading (Pl. Br. at 18), and that more discovery is required before she can argue effectively that there was a "close regulatory nexus" between HIP and either New York State or the federal government (id. at 19).  Alternatively, plaintiff requests leave to replead her complaint "to add, assuming addition is necessary, the state action element."  (Id.)

In order to establish a § 1983 claim, plaintiff must allege that, under color of state law, she was deprived of her constitutional rights.  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-59 (1999).  The Fourteenth Amendment does not reach private conduct, and state funding or regulation of an entity is not sufficient to support a § 1983 claim.  Blum v. Yaretsky, 457 U.S. 991 (1982) (holding that no state action occurred at state-regulated and state-funded private nursing homes); Rendell-Baker v. Kohn, 457 U.S. 830 (1982) (declining to find state action at a school that received at least 90 percent of its funding from the state).

The Supreme Court has held that when determining whether state action has occurred, "the question is whether the function performed has been 'traditionally the exclusive

---

nonmoving party, the court assumes that plaintiff's "fourth claim for relief" is brought under § 1983.

9

prerogative of the State.'" Rendell-Baker, 457 U.S. at 842 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 353 (1974)). The moving party must demonstrate "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Jackson, 419 U.S. at 350. Additionally, "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Blum, 457 U.S. at 1004; see also Leeds v. Meltz, 85 F.3d 51, 54 (2d Cir. 1996).

Additionally, our Circuit has held that a corporate entity qualifies as a state actor "only if (1) the government created the corporate entity by special law, (2) the government created the entity to further governmental objectives, and (3) the government retains permanent authority to appoint a majority [of] the directors of the corporation . . . ." Horvath v. Westport Library Ass'n, 362 F.3d 147, 153 (2d Cir. 2004) (internal quotation marks omitted).

As a matter of law, neither HIP nor its employees can be defined as state actors. HIP is a privately owned health care corporation. Even if HIP were subject to government regulation or received government funding -- neither of which was alleged in

10

the amended complaint -- HIP would not be considered a state actor. It was not created by the government, nor does it perform functions that are traditionally the exclusive prerogative of the state. See Am. Mfrs. Mut. Ins. Co., 526 U.S. at 51 (holding that a private medical insurer's decision to withhold payment for disputed treatment was not state action). Plaintiff's cause of action against HIP is dismissed, as is her cause of action against the individual HIP defendants, who are employees of HIP and therefore not state actors.

D. Leave to Replead

When a motion to dismiss is granted, the plaintiff usually is granted leave to amend the complaint; however where the plaintiff cannot show that the complaint could be amended in such a way as to survive dismissal, the court rightfully may deny leave to replead. Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).

In this case, plaintiff could allege no set of facts in an amended complaint that would sustain the claims dismissed here. Plaintiff concedes that she does not allege Title VII or ADA claims against the individual HIP defendants. Therefore those claims -- if they were alleged at all -- could not be alleged anew in an amended complaint. Additionally, plaintiff could allege no facts that would resurrect her § 1983 claims; HIP

and its employees are not state actors as a matter of law. Finally, in order to establish a claim for intentional infliction of emotional distress in the employment context, plaintiff would have to manufacture a claim of battery, sexual harassment, or sex discrimination in a second amended complaint. See supra Part II.B. Given that plaintiff alleged no such conduct in either her complaint or her amended complaint, she could not plausibly do so in a third attempt. Therefore the above claims are dismissed, and leave to replead is denied.

\*   \*   \*

For the foregoing reasons, defendant's motion to dismiss is granted in its entirety. Plaintiff's claims under Title VII and the ADA are dismissed against the individual HIP defendants, and her intentional infliction of emotional distress and § 1983 claims are dismissed against all of the HIP defendants. Plaintiff's Title VII and ADA claims against HIP remain, as do all her claims against defendants Pagan, Local 153, and AFL-CIO, who did not join in this motion.

SO ORDERED:

Michael B. Mukasey
U.S. District Judge

Dated: New York, New York
April 27, 2005